UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVEREADY BATTERY CO. INC., ) | |
| AND SCHICK MANUFACTURING INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00710 ERW |
| ) | |
| L.P.I. CONSUMER PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment, Alternatively to Transfer and Motion to Strike[1] [doc. #9].

**I.    BACKGROUND FACTS**

In 1999, Defendant, L.P.I. Consumer Products, Inc. ("Defendant" or "L.P.I.") marketed a product known as the "ShaveMate" and "Diva," a double-bladed, "ALL-IN-ONE" shaving razor, with shaving cream in the handle. In April 2003, Defendant filed for federal registration protection for its "ALL-IN-ONE" trademark. A registration was granted in June 2004. Defendant is a Florida corporation, with its principal place of business in Pompano Beach, Florida. In March 2003, Schick Manufacturing, Inc., ("Schick") marketed a product called the "INTUITION," a shaving system that combines a skin conditioning solid with a triple-blade razor

---

[1] In its Motion to Strike, Defendant asks this Court to strike from the record a correspondence between the parties' counsel regarding specific details of Defendant's settlement proposal. Plaintiffs agreed to substitute redacted versions of the correspondence referenced in Defendant's Motion to Strike. The Court replaced Exhibit B of Plaintiff's complaint with the redacted version on July 20, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

in a single, replaceable cartridge. Schick calls this feature an "ALL-IN-ONE" cartridge. Schick is a Delaware Corporation with its principal place of business in Milford, Connecticut. Eveready Battery Company, Inc. ("Eveready"), the parent company of Schick, is a Delaware Corporation with its principal place of business in St. Louis, Missouri. This case arises out of Eveready and Schick's (collectively "Plaintiffs") alleged infringement of Defendant's trademark, "ALL-IN-ONE."[2]

On March 24, 2006, Defendant's counsel sent a cease and desist letter to Eveready, which demanded the cessation of use of the "ALL-IN-ONE" trademark on their "INTUITION" product and advised:

> "In the event we fail to receive Eveready's agreement to comply with the above demands, by no later than April 12, 2006, we will instruct our Associate Counsel to pursue the matter in the Federal Courts. In an effort to settle this matter without resort to litigation, we urge Eveready to reconsider our settlement proposal in my letter dated February 24, 2006."[3]

Over the next month, settlement negotiations proceeded and both parties continued to offer proposed settlement terms. On April 21, 2006, Defendant sent Plaintiffs a written

---

[2] Energizer Holdings, Inc, Eveready's parent company, acquired Schick from Pfizer/Warner Lambert in 2003. Eveready owns various trademarks, including "Intuition," which are licensed to Schick. *See* Memorandum in Opp'n to Pl.'s Motion to Dismiss Ex. E.

[3] Eveready owns a federal trademark registration for "QUATTRO," for razors. Defendant filed an application to register "QUAD" as a trademark for razors. Eveready opposed Defendant's trademark application for the mark "QUAD." On February 24, 2006, Defendant's counsel sent a letter to Eveready's counsel, which proposed a settlement of the pending opposition proceeding before the United States Trademark Trial and Appeal Board. As a condition for settlement for the "QUAD" dispute, Plaintiffs would be required to either cease and desist use of the "ALL-IN-ONE" trademark on their "INTUITION" product or, alternatively, enter into a license agreement with Defendant for use of that trademark. On March 7, 2006, counsel for Plaintiffs responded to the letter, but failed to specifically address the "ALL-IN-ONE" dispute.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

correspondence outlining Defendant's counterproposal.  In the letter, counsel requested a response by April 28, 2006.  On May 1, 2006, the next business day, Plaintiffs filed the instant Declaratory Judgment action.[4]  Nevertheless, settlement discussions between the parties continued.  According to Defendant, Plaintiffs did not advise Defendant of the declaratory judgment suit during settlement negotiations.  Although Defendant learned of the suit from an independent source, it was not served with the Complaint until June 9, 2006.

On June 5, 2006, Defendant filed a complaint against Plaintiffs in the United States District Court for the Southern District of Florida, alleging federal trademark infringement, false designation, description and representation under the Lanham Act and unfair competition in violation of the Lanham Act and Florida state law.  On July 31, 2006, the Florida Court denied the parties' Joint Motion for Temporary Stay of the Florida action, pending a decision by this Court as to whether Plaintiff's motion for declaratory judgment should be dismissed or transferred.  The trial in the Florida action is scheduled to commence on June 25, 2007.

In support of its Motion, Defendant states that Plaintiffs' Complaint should be dismissed as an inappropriate race to the courthouse, for the sole purpose of obtaining an advantageous forum in the face of a clear threat of litigation.  Alternatively, Defendants argue, pursuant to 28 U.S.C. §1404, that this action should be transferred due to the pendency of the similar action in the Southern District of Florida.

## II. DISCUSSION

The Declaratory Judgment Act grants the district court the discretion to hear, stay or

---

[4] Plaintiffs ask this Court to declare Defendant owns no enforceable trademark right in the term "ALL-IN-ONE" or in connection with disposable razors and to cancel Defendant's registration of the "ALL-IN-ONE" mark.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

dismiss declaratory judgment actions brought before it. 28 U.S.C. § 2201(a).[5] The Act was "intended to provide a remedy which would 'minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Koch Engineering Co. v. Monsanto Co.*, 621 F. Supp. 1204, 1206-1207 (E.D. Mo. 1985) (quoting 10A C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* §2751 at 569 (1983)).

Plaintiffs contend that this Court should retain its declaratory judgment lawsuit because the court of the first-filed action has priority to consider the case. Plaintiffs further argue that no compelling circumstances exist warranting transfer or dismissal of this action. Plaintiffs contend that Defendant's threat of suit potentially impeded the ability to proceed with the marketing and selling of the INTUITION product. Plaintiffs, therefore, sought judicial resolution of Defendant's claims concerning the "ALL-IN-ONE" mark.

In cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). The first-filed rule is not absolute, however, and will not be applied where a court finds compelling circumstances supporting its abrogation. *Id.* at 1005. As the court in *Northwest* explained: "This first-filed rule is not intended to be rigid, mechanical or inflexible, but

---

[5] The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." The Court concludes, and the parties do not dispute, that the "actual controversy" requirement is satisfied.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id*. (internal citations omitted).

The 8th Circuit has discussed two "red flags," signalling potentially "compelling circumstances" may warrant an exception to the first-filed rule: "first, where the first suit was filed after the other party gave notice of its intention to sue; and, second, that the action is one for declaratory judgment rather than for damages or equitable relief." *Boatmen's First Nat'l Bank v. v. Kansas Pub. Employees Retirement Sys.*, 57 F.3d 638, 642 (8th Cir. 1995) (quoting *Northwest Airlines*, 989 F.2d at 1007). The *Northwest* court explained that a declaratory action "may be more indicative of a preemptive strike than a suit for damages or equitable relief." *Northwest Airlines*, 989 F.2d at 1007. Thus, when such an action is filed, the Court is to ask whether there is a reason for requesting the relief other than obtaining a favorable forum. *Id*.; *see also Eveready Battery Co. v. Zinc Prods. Co.*, 21 F. Supp. 2d 1060, 1062 (E.D. Mo. 1998); *Solna Web Incorporated v. Printed Media Services, Inc.*, No. 90-0433-CV-W-6, 1990 U.S. Dist Lexis 11554, at * 7-8 (W.D. Mo. Aug. 31, 1990) ("A complaint for declaratory relief should be denied when it is apparent that it has been filed for the purposes of 'procedural fencing,' or to try to deprive an injured party of its choice of forum.").

The Court believes that the "red flags," the 8th Circuit has highlighted, are present in this case. First, Plaintiffs clearly had notice of Defendant's intention to file suit, prior to filing its declaratory judgment action in this Court. In his cease and desist letter, Defendant's counsel explicitly stated, that in the event the parties were unable to reach a settlement agreement, Defendant would pursue the matter in federal court. Second, the facts of the case suggest that

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs' declaratory judgment action does not further the goals of the Declaratory Judgment Act and serves no other purpose than to deprive Defendant of its choice of forum. The Plaintiffs' have not identified any current loss it is suffering, which can be avoided by the Court's declaration of the parties' rights. In fact, Plaintiffs aver that the INTUITION razor remains a highly successful product. *See* Pl.'s Memo in Opp'n to Def.'s Mot. to Dismiss or Transfer 3. Therefore, it is unclear how the Court's decision not to retain jurisdiction over the case will cause Plaintiffs an "unnecessary accrual of damages" or increase the "danger of avoidable loss." *Koch Engineering Co.,* 621 F. Supp. at 1207.

Further, the facts indicate that Plaintiffs filed this lawsuit during settlement negotiations to "win the race to the courthouse." In *Eveready Battery Co.*, the court decided a case involving facts strikingly similar to those presented here. 21 F. Supp. 2d at 1061. Eveready entered into a requirements contract with Zinc, under which Zinc was to provide all of Eveready's requirements for zinc battery cans. The parties entered into settlement negotiations regarding Eveready's breach of the contract. Prior to making its settlement offer and without notifying Zinc, Eveready filed a declaratory judgment suit. *Id*. Eveready did not arrange for service of the suit until after Zinc refused Eveready's settlement offer. The court explained that once Eveready learned that Zinc filed a lawsuit in another jurisdiction, "Eveready quickly arranged for service of its Missouri action upon Zinc by special process server." *Id*.

The court examined Eveready's claim that its declaratory judgment action should be heard because it was the first to file. The court found it objectionable that Everready failed to give Zinc notice of its decision to litigate rather than settle. The court, therefore, held that compelling circumstances existed for not applying the "first-filed" rule and declined to retain jurisdiction over

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Eveready's lawsuit. The court emphasized that good faith settlement negotiations should be encouraged, "rather than rushing to the courthouse, and 'application of the first-filed rule should not penalize parties for their efforts to settle matters out of court.'" *Id.* at 1062 (citing *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, 915 F. Supp. 131, 141 (W.D. Mo. 1996).

Likewise, in this case "compelling circumstances" exist, convincing the Court not to apply the first-filed rule. Plaintiffs filed the instant declaratory action without informing Defendant, but continued to engage in settlement negotiations. During settlement discussions, Defendant's counsel apprised Plaintiffs' counsel that it independently learned of the lawsuit. Plaintiffs' counsel responded, "How did you find out about that?" Counsel's response suggests to the Court that Plaintiffs' did not intend to reveal that it instituted a lawsuit against Defendant. Indeed, Plaintiffs did not serve its Complaint until after Defendant filed its action in Florida.
As the *Eveready* court noted, "evidence of insufficient notice of a change in the first-filing party's position on the dispute prior to filing of the first action is indicative of a rush to the court house and, thus, compelling circumstances warranting non-application of the 'first filed' rule." *Id.*

Finally, considerations of judicial and litigant economy persuade this Court to depart from the general rule favoring the forum of the first-filed action. The Federal Circuit has explained that "the first-filed action is preferred, even if it is declaratory, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genetech, Inc., v. Eli Lilly & Co.*, 998 F.2d 931, 937-938 (Fed. Cir. 1993)).

In *Serco Services*, the question before the court was whether a suit for a declaration of

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

patent rights should yield to a later-filed infringement suit.  The court held that the trial court's decision to yield to a later-filed suit was permissible in light of consideration of the parties' convenience and the availability of witnesses.  The court concluded that the "decision not to hear a properly brought declaratory action must rest on "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id*. at 1039; *see also National Foam v. Williams Fire & Hazard Control*, No. 97-3105, 1997 U.S. Dist. LEXIS, at * 28 (E.D. Pa. Oct. 29, 1997) ("the importance of conservation of judicial resources and the comprehensive disposition of litigation would make it unjust or inefficient to continue the first-filed action.").

      The Court finds that even if Plaintiffs' request for a declaratory judgment is a first-filed action, judicial and litigant economy justifies dismissal of the lawsuit.  Essentially, the same controversy is pending before two federal courts.  While the Court acknowledges that the Eastern District of Missouri is more convenient for Plaintiffs' party witnesses and counsel who regularly work at Eveready's corporate headquarters, this inconvenience must be counterbalanced against the significant likelihood that, absent dismissal, many witnesses will be inconvenienced by travel to two different fora to testify regarding the same issues.  This same reasoning applies to duplication of documents that are located at Plaintiffs' corporate headquarters.  Moreover, unlike the declaratory judgment suit filed with this Court, case deadlines have been set in the action pending in the Florida court.  *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (dismissing first-filed action where second action, involving the same parties and issues, has developed further than the first).

      The Court notes the significant waste of judicial resources that would be expended by litigating the same issues in two courts as well as the serious risk of inconsistent rulings.  After

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

balancing the convenience factors argued by the parties, the balance weighs in Defendant's favor and warrants an exception to the first-filed rule. Thus, the Court will decline jurisdiction and grant Defendant's motion to dismiss Plaintiffs' declaratory judgment action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike is **DENIED as moot**.

An appropriate order of dismissal will follow this Order.

Dated this 22nd day of November, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com